UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT F. NELSON, JR.,                    Case No. 25-11246
                        Plaintiff,
v.                                        Judith E. Levy
                                          United States District Judge
CITY OF HIGHLAND PARK *et al.*,
                        Defendants.       Curtis Ivy, Jr.
                                          United States Magistrate Judge
_____/

**REPORT AND RECOMMENDATION TO DISMISS UNDER RULE 41(b)
AND TO DENY AS MOOT DEFENDANTS' MOTION TO DISMISS
(ECF No. 22)**

## I.      PROCEDURAL HISTORY

Plaintiff Robert F. Nelson, Jr. filed this *pro se* action on April 30, 2025.

(ECF No. 1).  On May 2, 2025, Plaintiff received notice of his responsibility to

notify the Court of address changes; that notice warned that failure to do so could

result in dismissal of his case.  (ECF No. 4).  The District Judge then referred all

pretrial matters to the undersigned.  (ECF No. 8).  On July 9, 2025, the Court set a

Rule 16 scheduling conference for August 26, 2025 at 3:00 P.M.  (ECF No. 20).  In

the Order, the Court instructed Plaintiff to file "a written Rule 26(f) plan and status

report no later than 10 business days before the Conference."  (*Id.* at PageID.165).

Plaintiff did not do so.

When the Court conducted the scheduling conference on August 26, Plaintiff did not join the call.  During the call, Defendants' attorneys informed the Court that they have been unable to reach Plaintiff with the contact information they have and that they had learned that Plaintiff is currently incarcerated.

Because Plaintiff did not satisfy his obligation to notify the Court of any address change following his imprisonment, the Court filed an Order to Show Cause why the undersigned should not recommend that his case be dismissed for failure to prosecute on August 27, 2025.  (ECF No. 25).  The Court ordered Plaintiff to respond, in writing, on or before September 17, 2025.  Alternatively, Plaintiff could respond by updating his address.  To date, Plaintiff has done neither.  Notably, none of the Court's filings have been returned as undeliverable.

The Court must have a means by which to communicate with the parties. Because Plaintiff has failed to keep the Court informed of his location, the undersigned **RECOMMENDS** that Plaintiff's case be dismissed for failure to prosecute under Federal Rule of Procedure 41(b).

## II.    ANALYSIS AND RECOMMENDATION

Pursuant to Rule 41(b), a federal court may sua sponte dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).  "[D]istrict courts possess broad discretion to sanction parties for failure to

2

comply with procedural requirements." *Tetro v. Elliot Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1991) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)).  Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629-630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.*  Also, a "district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  *See also McCallum v. Gilless*, 38 F. App'x 213, 216 (6th Cir. 2002) (regarding the typical leeway afforded to *pro se* litigants).  But a sua sponte dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck v. U.S. Dep't of Treasury*, 2013 WL

511031, at *2 (E.D. Mich. Jan. 25, 2013), *report and recommendation adopted*, 2013 WL 509964 (E.D. Mich. Feb. 12, 2013).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  Here, on balance, these factors weigh in favor of dismissal.

As for the first and second factors, "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith, or fault."[1]  *White*, 2008 WL 2216281, at *5.  But "defendants cannot be expected to defend an action" that Plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id.*  For these reasons, the first and second factors weigh in favor of dismissal.

Based on the warnings given to Plaintiff, the third factor also weighs in favor of dismissal.  This Court has regularly dismissed cases under Rule 41(b) after

---

[1] Though, "at a minimum, he is clearly at fault for failing to . . . comply with the Court's orders." *Clayborn v. Ditelrath*, 2020 WL 584177, at 1 n.1 (E.D. Mich. Jan. 14, 2020), *report and recommendation adopted*, 2020 WL 570909 (E.D. Mich. Feb. 5, 2020).

4

a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, and where defendants expended resources on an abandoned action, and lesser sanctions would prove useless.  *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012); *Labreck*, 2013 WL 511021, at *2 (recommending dismissal for plaintiff's failure to comply with orders of the court). Plaintiff here failed to respond to several times.[2]

Additionally, a Rule 41(b) dismissal is an appropriate action for a *pro se* litigant's failure to provide the court with information related to their current address.  *Watsy v. Richards*, 816 F.2d 683 (6th Cir. 1987) (unpublished table decision); *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (finding that *pro se* prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Rogers v. Ryan*, 2017 WL 5150884, at *2 (E.D. Mich. Nov. 7, 2017) ("A Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding his current address.").  In its Orders regarding the failure to update his address, the Court explicitly warned Plaintiff that the case could be dismissed.  Despite this clear warning, Plaintiff has provided

---

[2] Apart from Plaintiff's failure to update his address, Plaintiff also has not responded to the pending motion to dismiss under Rule 12(c).  (ECF Nos. 22, 24).  The Court ordered Plaintiff to respond by September 8, 2025.  (ECF No. 22).  Plaintiff has not filed a response to date. Additionally, neither Defendants' motion or the Court's Order were returned as undeliverable.

no good reason why the undersigned should not recommend the complaint be dismissed.  *See Labreck*, 2013 WL 511021, at *2.

Finally, given Plaintiff's failure to respond to the Court's Order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, taken together, these factors support dismissal for failure to prosecute.

For these reasons, the undersigned concludes that Plaintiff has effectively abandoned his case by failure to update his address and failure to respond to the Court's Orders.  Under these circumstances, dismissal with prejudice is appropriate.

## IV.  CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** with prejudice under Fed. R. Civ. P. 41(b). If this Report and Recommendation is adopted, then the undersigned further **RECOMMENDS** that the Defendants' pending motion to dismiss, (ECF No. 22), be **DENIED AS MOOT**.

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date:  September 23, 2025.                    s/Curtis Ivy, Jr.
                                              Curtis Ivy, Jr.
                                              United States Magistrate Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on September 23, 2025.

s/Sara Krause
Case Manager
(810) 341-7850